GULF, C. & S. F. RY. CO. v. MARSHALL.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 10, 1914. Rehearing Denied Feb. 14, 1914.)

1. CARRIERS (§ 223*) — CARRIAGE OF LIVE STOCK—ACTION—DEFENSES.

Where a railroad company negligently delayed a shipment of cattle for more than 12 hours after they were delivered into its pens, which were situated near the tracks of the company, it cannot escape liability for injuries to the cattle by fright from passing trains, by showing that such trains were properly operated; the negligence complained of being the act of the railroad company in allowing the cattle to remain in the pens for an unreasonable length of time.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 932; Dec. Dig. § 223.*]

2. CARRIERS (§ 230*) — CARRIAGE OF LIVE STOCK—ACTIONS—JURY QUESTION.

In an action for damages for injuries to cattle from an unreasonable delay in shipment and lack of water, the question of the carrier's negligence in failing to water the cattle cannot be taken from the jury merely because the shipper informed the carrier that he did not wish the cattle watered while in the pens; it appearing that the shipper expected the cattle to be immediately placed on board train, and did not know that the shipment would be negligently delayed for more than 12 hours.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

Appeal from Cooke County Court; R. V. Bell, Judge.

Action by C. E. Marshall against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Garnett & Garnett, of Gainesville, for appellant. Davis & Davis, of Gainesville, for appellee.

SPEER, J. C. E. Marshall filed this suit against the Gulf, Colorado & Sante Fé Railway Company to recover damages to 351 head of cattle shipped from Gainesville to Ft. Worth. The plaintiff alleged that his cattle were delivered to the defendant at Gainesville at 7 a. m. on September 12, 1911, and that they were unreasonably delayed and were not shipped out until 10 p. m. of that day; that the shipping pens were not sufficient in size and the cattle were crowded therein, and that they suffered from the extreme heat and lack of water, and that the pens were located near the tracks of the defendant, and that the cattle were frightened by the continuous ringing of bells and from noises made by the passing engines—all to their damage in the sum of $693.56.

The case was tried before a jury, resulting in a verdict and judgment for the full amount sued for, and the defendant has appealed.

[1] Appellant's first assignment of error is that the court erred in refusing to give its special charge to find in its favor as to damages caused by passing engines and trains because there was no evidence that the company was negligent in the manner of operating its trains by such pens. But this charge could not have been given because the gist of appellee's complaint was the negligent delay in appellant's pens, whereby his cattle were exposed to such annoyances. It can make no difference that there was no negligence in the operation of passing trains if the company negligently delayed the cattle, thereby subjecting them to the usual and ordinary noises and fright. The same answer may be given to the third, fourth, and fifth assignments; each complaining of the refusal to give a special charge upon some other phase of the case.

[2] We think special charge No. 4 was properly refused. It summarily instructed a verdict for appellant for such damages as the cattle sustained for want of water while in the pens, because the evidence showed that plaintiff had stated to appellant's employés that he did not want them watered. Appellee's evidence tended to explain why he gave such instructions, and was to the effect that if the cattle were sent out in a reasonable time, as he had every reason to expect and was promised they would be, it was not necessary for them to be watered at Gainesville; furthermore he testified that the only means of watering them at that place was in troughs which were on the ground and in such a condition as to be unfit for use. Under these circumstances, to say the least of it, a summary instruction upon this issue was not called for.

The other requested charges, in so far as they embodied correct propositions of law, were included in the court's main charge. We have carefully examined the court's charge and think it is not subject to the criticisms made.

We find no error in the judgment, and it is affirmed.